CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 24 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| REBECCA HARPER, | CASE NO. 3:10CV00056 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's January 29, 2008 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on January 29, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since January 1, 2006, her alleged disability onset date, and that she remained insured for benefits through December 31,

2009[1]. (R. 14.) The Law Judge determined that the plaintiff suffered the following severe impairments: fibromyalgia syndrome, obesity, residuals of arthroscopic surgery on the wrist, and degenerative disc disease at multiple levels of the spine. (*Id.*) He concluded that the plaintiff did not suffer an impairment or combination of impairments that met or equaled a listed impairment. (R. 15.) The Law Judge found that the plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: She can frequently climb ramps and stairs, but she should never climb ladders, ropes, or scaffolds. (R. 16.) Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl. (*Id.*) She should avoid even moderate exposure to hazards, such as machinery and heights, and she is limited to unskilled, simple work. (*Id.*) The Law Judge found that this RFC precluded plaintiff from performing her past relevant work, but there are other jobs which exist in substantial numbers in the national economy that she could perform. (R. 23.) The Law Judge ultimately determined that the plaintiff was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's January 29, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The

---

[1]In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2009. *See* 20 C.F.R. § 404.131(a).

regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge's RFC finding is not supported by substantial evidence.[2] (Pl's Brief, pp. 15-18.) Plaintiff contends that the Law Judge failed to properly consider the effects of the impairments to her hands and arms. (Pl's Brief, pp. 16-17.) Specifically, plaintiff asserts that the Law Judge erred by relying on the assessment by State agency record reviewing physician William Amos, M.D. and discounting the assessment performed by another State agency record reviewing physician, R.S. Kadian, M.D. (*Id.*) The undersigned agrees.

The record reveals that plaintiff had three surgeries on her left wrist. First, on March 14, 2008, plaintiff underwent the following procedures: arthroscopy with ganglionectomy, synovectomy, removal of loose bodies, debridement of partial thickness triangular fibrocartilage tear, and chondroplasty. (R. 458.) On May 28, 2008, plaintiff also underwent a left proximal row carpectomy. (R. 434.) In October 2008, a left-sided ulnar nerve transposition was performed. (R. 546.)

On July 14, 2008, Dr. Kadian performed what was revealed to be a "Current Evaluation" of plaintiff's medical records. (R. 473-479.) He noted that plaintiff had been diagnosed with fibromyalgia, arthroscopy of the wrist, and degenerative disc disease at multilevels. (*Id.*)

---

[2] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a).

3

Important to plaintiff's claim, Dr. Kadian opined that plaintiff suffered manipulative limitations, specifically that plaintiff's handling (gross manipulation) and fingering (fine manipulation) of the left hand were limited. (R. 475.)

On November 5, 2008, Dr. Amos evaluated plaintiff's medical records, but provides a prospective assessment of plaintiff's functional capacity into March 2009. (R. 559-565.) Dr. Amos diagnosed plaintiff's bilateral wrists surgeries (R. 559), but found that she suffered no manipulative limitations (R. 561). Specifically, he did not believe plaintiff suffered limitations in reaching in all directions (including overhead), handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors). (*Id.*) In assessing plaintiff's credibility, Dr. Amos noted that plaintiff had alleged that she was recovering from a recent surgery on her left upper extremity, which resulted in her needing help with personal care, cooking and light cleaning, and that she was limited to lifting only about five pounds. (R. 564.) Yet, Dr. Amos concluded that plaintiff was only "partially credible" because he did not believe the objective medical evidence showed severity sufficient to prevent all work for a continuous twelve-month period of time. (R. 564-565.) Specifically, Dr. Amos noted that plaintiff's first surgery on her left upper extremity took place on March 2008, and he opined that she was able to perform light work prior to that time. (R. 565.) He then noted that plaintiff's last surgery was in October 2008, and projected that she "should again" be able to perform light work by March 2009. (*Id.*)

The Law Judge assessed the reports provided by Drs. Kadian and Amos and concluded that they were based on credible objective and subjective evidence, and as such, were entitled to "great evidentiary weight." (R. 19.) He noted, however, that Amos' assessment was entitled to even "more evidentiary weight" than Dr. Kadian's because it was more recent.

The undersigned is of the view that the Law Judge's analysis of the evidence and the weight he gave to Dr. Amos' assessment both was erroneous and unsupported by substantial evidence. It is beyond this court to understand how a physician who never has examined or treated a patient can prognosticate on when the patient will be healed. At best, Dr. Amos's views are speculative. After all, he is not clairvoyant, and in order for him to have arrived at his conclusion, he would have needed to ignore treating source information. For example, on December 5, 2008, plaintiff reported to her primary treating physician that her hands were falling asleep "all the time." (R. 658.) On January 19, 2009, Christopher Lander, M.D., a physician specializing in pain management, found that plaintiff's left upper extremity was limited due to pain. (R. 570.) Plaintiff reported to Dr. Lander that she continued to have pain in the left upper extremity on February 11, 2009. (R. 568.) On February 25, 2009, Dr. Lander noted that plaintiff suffered episodic numbness in the hands at times and that she was experiencing "quite severe" pain. (R. 641.) Moreover, even Dr. Kadian was of the view that plaintiff experienced limitations in her left upper extremity. (R. 475.)

For the reasons set forth above, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_____2/24/11_____
Date